**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James Claude BAILEY, Defendant—**
**Appellant.**

No. 05–6380.

United States Court of Appeals,
Fourth Circuit.

Submitted July 18, 2005.

Decided Aug. 10, 2005.

James Claude Bailey, Appellant Pro Se. Michael R. Smythers, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Claude Bailey seeks to appeal the district court's order denying relief on his motion filed pursuant to Fed.R.Civ.P. 60(b), seeking reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion. Because Bailey's motion did not assert a defect in the collateral review process itself, but rather reargued the merits of his § 2255 motion based on new case law, the

motion was properly characterized a successive § 2255 motion under our decision in *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir.2003). To appeal an order denying a Rule 60(b) motion in a habeas action, Bailey must establish entitlement to a certificate of appealability. *See Reid v. Angelone*, 369 F.3d 363, 368 (4th Cir.2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Bailey has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent that Bailey's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. *See Winestock*, 340 F.3d at 208. We further deny Bailey's motion for leave to proceed in forma pauperis, motions to appoint CJA counsel, and motion for release. We deny as moot his motion to expedite the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*